**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PHILIP M. KIRKPATRICK,** | ) | **CASE NO.  5:07 CV 2649** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| | ) | **Magistrate Judge James S. Gallas** |
| | ) | |
| **COMMISSIONER OF** | ) | **MEMORANDUM OPINION** |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge James S. Gallas (Docket #15).  The Magistrate Judge recommends that the joint stipulation to remand filed by the Parties be granted and judgment entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) for remand to the Commissioner according to the terms set out in the stipulation.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report.  When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*.  FED. R. CIV. P. 72(b) provides:

> The district judge to whom the case is assigned shall make a de novo
> determination upon the record, or after additional evidence, of any portion of
> the magistrate judge's disposition to which specific written objection has
> been made in accordance with this rule.  The district judge may accept, reject,
> or modify the recommended decision, receive further evidence, or recommit
> the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made.  The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges.  In regard to subsection (b) of Rule 72, the advisory committee stated:  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985):  "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

The Magistrate Judge recommends that due to the stipulated nature of the proposed remand, it is unnecessary to delay for objection.

### Conclusion

The Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Gallas.  The Commissioner's decision is hereby REVERSED and the case is hereby REMANDED pursuant to the fourth sentence of 42 U.S.C. § 405(g), to the Commissioner of Social Security for further administrative proceedings and a new decision.

-2-

As set forth in the Joint Stipulation to Remand, upon receipt of this Court's order, the Appeals Council shall remand the matter to an Administrative Law Judge, with the instructions to do the following: recontact Plaintiff's treating source, Dr. Cecil, for clarification and/or for further evidence, in accordance with 20 C.F.R. §§ 404.1512.(e), 416.912(e), and request cooperation from plaintiff's Counsel in obtaining this information; obtain a consultative examination, if necessary; evaluate the December 2006 opinion of Dr. Manudhane; explain the reasons supporting the determination of Plaintiff's credibility; explain the reasons supporting the residual functional capacity; if medical improvement is found, explain the reasons for such a finding; and, obtain testimony from a vocational expert to determine whether Plaintiff could perform his past work or other work in the national economy.

IT IS SO ORDERED.

 s/Donald C. Nugent              
DONALD C. NUGENT
United States District Judge

DATED: May 12, 1008